UNITED STATES of America, for the Use and Benefit of Alvah C. LUCE, d/b/a Northern Electric Service & Supply Co.

v.

ROSLYN CONSTRUCTION CO., Inc., and American Auto Insurance Co.

No. 5-91.

United States District Court
D. Maine, S. D.

Sept. 2, 1958.

Sidney W. Thaxter, Royden A. Keddy, Portland, Me., Arthur D. Dolloff, Brunswick, Me., for plaintiff.

M. H. Kramer, Boston, Mass., for Roslyn Const. Co.

John D. Leddy, Portland, Me., for American Auto Ins. Co.

GIGNOUX, District Judge.

This is an action brought under the Miller Act, 40 U.S.C.A. §§ 270a–d, to recover the sum of $7,000, plus interest and costs, including note discount costs, allegedly due the use plaintiff for materials, labor, tools and scaffolding equipment furnished under the terms of a written contract dated May 7, 1956, between the use plaintiff and Roslyn Construction Co., Inc.

Notice of pre-trial conferences having twice been given, and the defendant Roslyn Construction Co., Inc., having twice failed to appear, the Court, on August 8, 1958, ordered that the Clerk enter its default under Rule 55(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Hearing having been had by the Court, without a jury, on August 13, 1958, on the use plaintiff's claim against the defendant American Auto Insurance Co. the Court, in accordance with its previously announced oral ruling from the bench, now makes findings of fact and conclusions of law, as follows:

Findings of Fact

1. Prior to May 7, 1956, Roslyn Construction Co., Inc., entered into contract No. NOY88588 with the United States of America for construction of Crash Facility and Utilities at the United States Naval Air Station in Brunswick, Maine.

2. Pursuant to the requirements of the Miller Act, Roslyn Construction Co., Inc., as principal, and the American Auto Insurance Co., as paid surety, executed a payment bond conditioned upon Roslyn Construction Co. Inc.'s prompt payment to all persons supplying labor and material in the prosecution of the work provided for in contract No. NOY-88588. Said bond contained no provision for notice to the surety of non-payment by the principal.

3. On May 7, 1956, the use plaintiff entered into a sub-contract with Roslyn Construction Co., Inc., to perform certain work required by the latter under the terms of its prime contract No. NOY88588. Said sub-contract was initially in the amount of $7,900 but, by approved additions, was increased to the amount of $8,582. By Article IV of the sub-contract, the contract sum was payable in monthly installments of 90% of the amount due for the work done during the preceding month, and final payment was due within 60 days after completion and acceptance of the work.

4. Work under contract No. NOY-88588 was completed on December 17, 1956; the last payment by the government to Roslyn Construction Co., Inc., was made on February 4, 1957; and the completed work was accepted by the government on March 18, 1957.

5. The use plaintiff fully performed said sub-contract. Roslyn Construction Co., Inc., paid to the use plaintiff on account of said sub-contract the sum of $1,582, by payments made on July 10 and November 6, 1956, and there remains unpaid and owing to the use plaintiff thereunder the sum of $7,000.

6. On April 3, 1957, the use plaintiff extended the time for payment of the balance due him under said sub-contract by accepting from Roslyn Construction Co., Inc., a promissory note in the principal amount of $7,000 due in ninety days. The time for payment of said note was extended three times by the acceptance of subsequent notes of July 2, October 2 and December 2, 1957.

7. Said notes were discounted by the use plaintiff at a total cost of $365 of which $155 was reimbursed by Roslyn Construction Co., Inc.

8. There was no actual prejudice to the surety, American Auto Insurance Co., by said extension of time for payment or by any variations in the method of payment required by Article IV of the sub-contract.

9. Written notice of non-payment by Roslyn Construction Co., Inc., was given by the use plaintiff to the American Auto Insurance Co. on October 14, 1957.

Conclusions of Law

1. This Court has jurisdiction of the matter before it and of the parties.

2. The failure of the use plaintiff to require prompt payments by Roslyn Construction Co., Inc., as provided by Article IV of the contract between the use plaintiff and Roslyn Construction Co., Inc., did not operate to discharge the American Auto Insurance Co. from liability under its bond.

3. The acceptance of notes by the use plaintiff from Roslyn Construction Co., Inc., did not operate to discharge the American Auto Insurance Co. from liability under its bond.

4. The notice of non-payment given by the use plaintiff to the American Auto Insurance Co. was timely within the terms of the bond.

5. The use plaintiff is not entitled to recover from the American Auto Insurance Co. the cost of discounting the notes obtained from Roslyn Construction Co., Inc.

6. The use plaintiff is entitled to recover from the American Auto Insurance Co. the sum of $7,000 with interest at the rate of 6% per annum from May 17, 1957, the date when final payment was due under the terms of the contract between the use plaintiff and Roslyn Construction Co., Inc.

### Judgment

In accordance with the above Findings of Fact and Conclusions of Law, it is

Ordered, adjudged and decreed that judgment be entered for the use plaintiff Alvah C. Luce, d/b/a Northern Electric Service & Supply Co. against the defendant American Auto Insurance Co. for the sum of $7,000, with interest at the rate of 6% per annum from May 17, 1957, and costs to be taxed, and the Clerk of this Court is hereby directed to make entry of said judgment forthwith.